IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANN L. BALLENGER, )<br>individually and as )<br>Administratrix of the )<br>Estate of Thomas )<br>Ballenger, deceased, and )<br>MARY ANNA WOEPPEL, )<br>     )<br>    Plaintiffs, )<br>     )<br>    v. )<br>     )<br>SIKORSKY AIRCRAFT )<br>CORPORATION, a foreign )<br>Corporation, et al., )<br>     )<br>    Defendants. ) | CIVIL ACTION NO.<br>  2:09cv72-MHT<br>      (WO) |

OPINION AND ORDER

In this products-liability litigation, plaintiffs Ann L. Ballenger and Mary Anna Woeppel have sued defendant Sikorsky Aircraft Corporation on Louisiana state-law theories of design defect, negligence, and failure to warn. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity). Sikorsky moves for judgment on the pleadings on federal-preemption grounds, arguing that

federal law occupies the field of aviation regulation and displaces state-tort remedies (Doc. No. 123).  For the reasons that follow, the motion will be denied.

## I.  Standard of Review

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law."  Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).

## II.  Factual Background

On January 4, 2009, the plaintiffs' decedent and eight others boarded a Sikorsky helicopter bound for an oil platform in the Gulf of Mexico.  Shortly after takeoff, the helicopter suffered a catastrophic failure

due to a hawk colliding with the windshield. The pilots were unable to maintain control and the helicopter crashed in swampy terrain, killing all but one aboard. The plaintiffs contend that faults in the helicopter's windshield and throttle design caused the crash.

## III. Discussion

Under the Supremacy Clause, federal law trumps state law. Congress can preempt state law in three ways: express preemption, field preemption, and conflict preemption. See Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004). Of particular importance here is the concept of field preemption, which occurs "when federal regulation in a legislative field is so pervasive that [one] can reasonably infer that Congress left no room for the states to supplement it." Id.

Sikorsky argues that federal-aviation law is a species of field preemption and that, because the

complaint raises only state-law claims, it is entitled to judgment as a matter of law. See Sikorsky's Reply, Doc. No. 145, at 5 n.3 ("[T]he fact of the matter is defendant relies on 'field preemption.'"). Sikorsky notes that federal law prescribes detailed and comprehensive safety regulations for air carriers. See 49 U.S.C. § 44701(a)(1) ("The Administrator of the Federal Aviation Administration shall promote safe flight of civil aircraft in air commerce by prescribing minimum standards required in the interest of safety."); 14 C.F.R. § 29.1141 (prescribing rules for throttle controls). According to Sikorsky, there is clear "Congressional intent to centralize air safety authority with the FAA." Sikorsky's Brief, Doc. No. 124, at 28.

To be sure, aviation regulation gravitates toward a uniform system of governance. See Northwest Airlines, Inc. v. Minnesota, 322 U.S. 292, 303 (1944) (Jackson, J., concurring) ("Congress has recognized the national responsibility for regulating air commerce. Federal

control is intensive and exclusive. Planes do no wander about in the sky like vagrant clouds."). Against this practical reality and legal background, the prevailing rule in the federal courts of appeals favors preemption. See <u>Goodspeed Airport LLC v. East Haddam Inland Wetlands & Watercourses Comm'n</u>, 634 F.3d 206 (2d Cir. 2011); <u>Montalvo v. Spirit Airlines</u>, 508 F.3d 464 (9th Cir. 2007); <u>Greene v. B.F. Goodrich Avionics Systems, Inc.</u>, 409 F.3d 784 (6th Cir. 2005); <u>Abdullah v. American Airlines, Inc.</u>, 181 F.3d 363 (3d Cir. 1999); <u>French v. Pan Am Express, Inc.</u>, 869 F.2d 1 (1st Cir. 1989).

But, as plaintiffs point out, the Eleventh Circuit Court of Appeals has found against preemption in the field of aviation. In <u>Public Health Trust of Dade Cty., Fla. v. Lake Aircraft, Inc.</u>, 992 F.2d 291 (11th Cir. 1993), a passenger was injured when his seaplane struck a submerged rock during takeoff. The passenger claimed that a design defect in the seat enhanced his injuries. <u>Id</u>. at 292.

5

In finding against preemption, the Eleventh Circuit relied, in part, on Cipollone v. Liggett Group, Inc., 505 U.S. 504 (1992), which espoused a rule that "Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." Id. at 517.  The appellate court found it significant that the preemption clause in the Airline Deregulation Act applied to only matters related to "airline rates, routes or services."  Public Health Trust, 992 F.2d at 295.  Thus, the court found that the plaintiff's "design defect claims [were] outside the pre-emptive reach of [the ADA]."  Id.

Sikorsky responds in its brief by arguing, essentially, that this court should ignore binding precedent.  Sikorsky's Brief, Doc. No. 124, at 38 ("[T]his Court may not consider itself bound by Public Health Trust.").  Sikorsky contends that the Supreme Court has narrowed Cipollone's approach to express preemption clauses.  See, e.g., Geier v. American Honda

6

Motor Co., Inc., 529 U.S. 861, 873 (2000) ("[T]he express pre-emption provision imposes no unusual, 'special burden' against [implied] pre-emption."); Freightliner Corp. v. Myrick, 514 U.S. 280, 289 (1995) ("At best, Cipollone supports an inference that an express pre-emption clause forecloses implied pre-emption; it does not establish a rule.").  As Sikorsky points out, one circuit court recently recognized the Supreme Court's rejection of Cipollone and narrowed its prior holdings that were contrary to preemption.  See US Airways, Inc. v. O'Donnell, 627 F.3d 1318, 1325-27 (10th Cir. 2010) (finding preemption of state regulations, but leaving state tort remedies intact).  Similarly, a district court within the Eleventh Circuit has questioned Public Health Trust's validity.  See North v. Precision Airmotive Corp., 2011 WL 679932, *5 (M.D. Fla. Feb. 16, 2011) ("Public Health Trust remains good law. . . . If the question were presented today, the Eleventh Circuit might very well reach a different conclusion.").

This court agrees that, if the Eleventh Circuit were confronted with this issue as a question of first impression today, it may decide in favor of preemption. But this court is bound by the Eleventh Circuit's decision and should not forecast the overruling of precedent on mere speculation. Cf. Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). In fact, at the recent pretrial conference in this case, counsel for Sikorsky conceded that, despite the argument Sikorsky made in its brief, this court has no choice but to follow the Eleventh Circuit's decision in Public Health Trust. With this concession, the court concludes that, because the plaintiffs' state-law claims do not

8

relate to airline rates, routes or services, they are not preempted by federal law.<sup>*</sup>

***

Accordingly, it is ORDERED that defendant Sikorsky Aircraft Corporation's motion for judgment on the pleadings (Doc. No. 123) is denied.

DONE, this the 3rd day of November, 2011.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE

---

[*] The plaintiffs also make two procedural arguments. They contend that Sikorsky violated the scheduling order by filing its motion after the deadline for briefs pertaining to jurisdiction and choice of law. But Sikorsky's Rule 12(c) motion falls within the deadline for dispositive motions under the amended scheduling order (Doc. No. 117).

The plaintiffs further argue that Sikorsky should be judicially estopped from making its preemption argument because it took an inconsistent position in the United States District Court for the Eastern District of Louisiana. "Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1335 (11th Cir. 2005). The court declines to exercise its discretion to preclude Sikorsky from making this argument.