IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ANN L. BALLENGER, individually and as Administratrix of the Estate of Thomas Ballenger, deceased, and MARY ANNA WOEPPEL, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:09cv72-MHT (WO) |
| SIKORSKY AIRCRAFT CORPORATION, a foreign Corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Following a fatal helicopter crash, plaintiffs Ann L. Ballenger (on behalf of herself and as administratrix of the estate of Thomas Ballenger) and Mary Anna Woeppel bring this suit against defendants Sikorsky Aircraft Corporation and Aeronautical Accessories, Inc. (AAI) on Louisiana state-law theories of design defect, negligence,

and failure to warn.  Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).

AAI moves for summary judgment, arguing that there is no evidence in the record that the windshield it manufactured contributed to the accident.  AAI's motion will be denied.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993).

The court's role at the summary-judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine dispute exists for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).


II.

Under Louisiana's Products Liability Act, the plaintiffs bear the burden of proving that: (1) the product was unreasonably dangerous when put to a reasonably anticipated use; (2) the unreasonably dangerous characteristic of the product was the proximate cause of the accident; and (3) the unreasonably dangerous characteristic of the product existed at the time it left the manufacturer's control.  La. Rev. Stat. § 9:2800.54.

The undisputed facts are as follows.  On January 4, 2009, the plaintiffs' decedent and eight others boarded a Sikorsky S-76C++ helicopter bound for an oil platform in the Gulf of Mexico.  The helicopter's original windshield had been removed and replaced with a lightweight, cast acrylic windscreen manufactured by AAI.  Shortly after takeoff, the helicopter suffered a catastrophic failure due to a hawk colliding with the windshield.  The pilots were unable to maintain control and the helicopter crashed in swampy terrain, killing all but one aboard.

The parties have competing interpretations as to which design defect caused the accident.  The plaintiffs argue that faults in the helicopter's windshield and throttle design caused the crash.  According to the plaintiffs, the hawk's impact cracked the windshield, causing air and glass to enter the cockpit, and, in addition, the helicopter's throttle failed, resulting in an uncommanded movement of the engine-control levers out of the "fly" position.  Both of these events combined to

4

cause the crash. In response, AAI contends that the helicopter's throttle design alone caused an uncontrolled movement and the crash. AAI argues there is no genuine dispute that its windshield was not the proximate cause of the accident.

As Sikorsky has not moved for summary judgment, the sole question here is whether a design defect in the AAI windshield was a proximate cause of the crash. The court concludes that there is a genuine dispute of material fact as to this question.

AAI believes that no genuine dispute of material fact exists because the plaintiffs' own expert reports state that the windshield did not fail.* According to AAI, the plaintiffs' experts concluded that "there is no evidence

---

*AAI believes that the court should grant summary judgment merely because the plaintiffs' experts made these findings and that the plaintiffs should not be permitted to rely on reports prepared by Sikorsky. As an initial matter, the court may look to the entire record at the summary-judgment stage, not just reports prepared by the nonmoving party. AAI's factual premise is also flawed. As discussed in more detail below, the plaintiffs submitted a report prepared by a federal agency that concluded the windshield failed due to the hawk strike.

of bird intrusion into the cockpit," Gillespie & Meyer Report, Doc. No. 133-2, at 18, and that prior accidents had established that "a non-penetrating bird impact alone could move the engine control levers." Id. at 17. AAI places great emphasis on one report's finding that "Sikorsky's failure to design and implement a safer throttle quadrant is the sole proximate cause of the crash." Shipley Report, Doc. No. 133-3, at 79.

But AAI ignores that the plaintiffs' reports were prepared without the "opportunity to examine certain critical aircraft components such as the windshield, canopy, center post or control quadrant." Gillespie & Meyer Report, Doc. No. 133-2, at 2; see also Shipley Report, Doc. No. 133-3, at 4 ("It should be noted that this report does not opine regarding whether or how much the windshield in the subject helicopter may have been cracked by the force of the bird impact."). The fact that the plaintiffs' expert reports were written without an

6

examination of the windshield undermines AAI's contention that no material fact is in dispute.

The plaintiffs have submitted a report from the National Transportation Safety Board (NTSB) that provides substantial evidence that a windshield failure contributed to the bird strike.  Unlike the plaintiffs' experts, the NTSB "examined the windshields from the accident helicopter and found that both windshields were fractured and fragmented."  NTSB Report, Doc. No. 156-3, at 1.  The report found it "likely that the bird impact shattered the windshield" and precipitated the throttle failure.  Id. at 4.  The report agreed with AAI's belief that the hawk itself did not penetrate the cockpit, but nevertheless found that the impact caused the windshield to break.  See id.

Perhaps most significantly for the plaintiffs, the NTSB concluded "that the probable cause of this accident was (1) the sudden loss of power to both engines that resulted from impact with a bird (red-tailed hawk), which

<u>fractured the windshield and interfered with engine fuel controls</u>, and (2) the subsequent disorientation of the flight crewmembers, which left them unable to recover from the loss of power." <u>Id</u>. at 2 (emphasis added).

Finally, the plaintiffs cite Sikorsky-prepared reports that provide additional evidence of windshield failure. One report states that the hawk impact near the intersection of the canopy and windshield caused the windshield to fail. <u>See</u> Moore Report, Doc. No. 160-10, at 4. Another report provided detailed findings of a similar helicopter bird strike, where the windshield failed and glass entered the cockpit. <u>See</u> Watson Report, Doc. No. 160-9, at 8.

Thus, it is entirely unclear from the record evidence whether the hawk strike cracked the windshield or whether the impact was so severe that the engine controls moved without the contributing factor of a windshield failure. While it appears true that the hawk did not penetrate the cockpit, the damage done to the windshield is less

8

certain. Reports prepared by various entities, both interested parties and a federal agency, come to differing conclusions.

XXX

Accordingly, it is ORDERED that defendant Aeronautical Accessories, Inc.'s motion for summary judgment (Doc. No. 132) is denied.

DONE, this the 4th day of November, 2011.

                                        /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE