IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ANN L. BALLENGER,            )
individually and as          )
Administratrix of the        )
Estate of Thomas             )
Ballenger, deceased, and     )
MARY ANNA WOEPPEL,           )
                             )
    Plaintiffs,              )
                             )    CIVIL ACTION NO.
    v.                       )      2:09cv72-MHT
                             )         (WO)
SIKORSKY AIRCRAFT            )
CORPORATION, a foreign       )
Corporation, et al.,         )
                             )
    Defendants.              )
```

OPINION and ORDER

On November 4, 2011, this court denied a motion for summary judgment filed by defendant Aeronautical Accessories, Inc. (AAI). The court concluded that there was a genuine dispute of a material fact: whether the AAI-manufactured windshield fractured after being hit by a hawk. <u>Ballenger v. Sikorsky Aircraft Corp.</u>, 2011 WL 5358552 (M.D. Ala. Nov. 4, 2011). AAI now moves for reconsideration of that decision.

AAI's primary argument is that the court improperly relied on a National Transportation Safety Board (NTSB) "safety recommendation."  NTSB Safety Recommendation, Doc. No. 156-3.  The court notes that AAI's reply brief did not object to plaintiffs' submission of the NTSB safety recommendation.  While a federal statute, 49 U.S.C. § 1154(b), limits the types of NTSB reports that may be used in civil litigation and there is a question as to whether the court relied on it inappropriately, AAI's objection comes too late.

Even if the NTSB safety recommendation is inadmissible, the court would reach the same conclusion.*

---

* AAI's second ground for reconsideration is that the summary-judgment opinion emphasized that the plaintiffs' expert reports were produced without examination of the windshield.  AAI objects to this true proposition because it finds the point misleading.  While it is also true that these same experts subsequently examined the windshield and concluded that Sikorsky's throttle design caused the crash, the court's purpose in mentioning the objected-to fact was to put the plaintiffs' initial expert reports in context.

AAI's final objection is to the use of Sikorsky produced reports as evidence to support plaintiffs'
(continued...)

In addition to the reasons given in the summary-judgment opinion, there is considerable evidence in the record establishing a genuine dispute about whether the AAI-manufactured windshield fractured. To take a few examples:

- Christopher Lowenstein, Sikorsky's representative on the accident investigation team, stated that the cause of the crash was the "rupture of the windshield." Lowenstein Deposition, Doc. No. 160-6, at 3. Lowenstein further concluded that the throttle-control malfunction could have been corrected but for the windshield rupture. Id. at 3-4. According to Lowenstein, the windshield failure and "subsequent on-rush of 140-knot wind ... disoriented the pilot ... [and] prevented them from responding as a normal pilot would." Id. at 9.

- Another Sikorsky expert, Rocco DiGenova, testified that AAI's cast acrylic windshield is inferior to the original windshield installed by Sikorsky. DiGenova Deposition, Doc. No. 160-4, at 4.

---

*(...continued)
claims. But, as the court explained in its prior opinion, the summary-judgment inquiry is directed at whether the evidence in the record creates a genuine dispute of material fact; the identity of the party who submitted that evidence is immaterial to whether the evidence can be examined. Ballenger, 2011 WL at *2 n.*.

3

- Sikorsky pilot consultant Charles Evans attributed the accident, in part, to "the corrupted pilot environment due to wind flow and noise affecting both pilots." Evans Report, Doc. No. 160-8, at 7. Evans's report hypothesized a crash scenario in which the "windshield is breeched" following the hawk strike. Id. at 6.

- Doctor Moore testified that the AAI windshield had been improperly approved by the FAA and that its failure was the cause of the accident. Moore Deposition, Doc. No. 183-3, at 6.

                        * * *

Accordingly, it is ORDERED that defendant Aeronautical Accessories, Inc.'s motion for reconsideration (Doc. No. 209) is denied.

DONE, this the 18th day of November, 2011.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE